NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTIN ESPINOZA-ROMERO,<br><br>              Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>              Respondent. | No. 21-1247<br><br>Agency No.<br>A209-395-899<br><br>MEMORANDUM<sup>*</sup> |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 20, 2023<sup>**</sup>
Pasadena, California

Before: PAEZ and H.A. THOMAS, Circuit Judges, and COLLINS, District
Judge.<sup>***</sup>

Martin Espinoza-Romero petitions for review of the Board of Immigration

Appeals' ("BIA") order dismissing his appeal from the Immigration Judge's ("IJ")

---

      <sup>*</sup>      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      <sup>**</sup>     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

      <sup>***</sup>   The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. "Where the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022) (quoting *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012)). Questions of law are reviewed de novo, while factual findings are reviewed under the substantial evidence standard. *Singh v. Garland*, 57 F.4th 643, 651 (9th Cir. 2022). "To prevail under the substantial evidence standard, the petitioner 'must show that the evidence not only supports, but compels the conclusion that these findings and decisions are erroneous.'" *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020) (quoting *Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000)). We deny the petition for review.

**1. Notice to Appear**. Espinoza-Romero argues that the IJ lacked jurisdiction over his proceedings due to a defective notice to appear. The government contends that because Espinoza-Romero failed to raise this issue before the BIA, this court lacks jurisdiction to consider it. Although the exhaustion requirement in 8 U.S.C. § 1252(d)(1) is not jurisdictional, *Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1110 (2023), the exhaustion requirement is mandatory if

a party timely urges us to apply it. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). Because Espinoza-Romero failed to exhaust the alleged claim-processing violation and the government timely raised § 1252(d)(1), we decline to address Espinoza-Romero's challenge to the adequacy of the notice to appear. *Id*.

**2. Asylum and Withholding of Removal.** "To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of . . . membership in a particular social group . . . .'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). "Either past persecution or a well-founded fear of future persecution provides eligibility for a discretionary grant of asylum." *Ratnam v. INS*, 154 F.3d 990, 994 (9th Cir. 1998). To establish eligibility for withholding of removal, a petitioner must demonstrate past persecution or a clear probability of future persecution. *Aden v. Wilkinson*, 989 F.3d 1073, 1085–86 (9th Cir. 2021).

The IJ determined that Espinoza-Romero failed to establish that the harm he suffered was on account of a protected ground. Espinoza-Romero contends that he experienced past persecution based on an incident in which alleged gang members approached him, asked for money, and then hit his arm with a machete when he refused to pay. Later, two gang members visited Espinoza-Romero's home, and stated that if Espinoza-Romero did not pay, they did not want to see him again.

Substantial evidence supports the IJ and BIA's determination that Espinoza-Romero did not demonstrate that the threats or attack he experienced in 2000 was on account of a protected ground. *See Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001). As the IJ and BIA correctly determined, substantial evidence indicates that Espinoza-Romero was a victim of general criminal activity.

Substantial evidence also supports the IJ and BIA's determination that Espinoza-Romero did not demonstrate a well-founded fear of future persecution. Although Espinoza-Romero testified credibly and established a subjective fear of persecution, he has not met his burden to show that such fear is "objectively reasonable." *Sharma*, 9 F.4th at 1065. There is no evidence that the gang has any continuing interest in Espinoza-Romero specifically. And, because Espinoza-Romero "has not met the lesser burden of establishing his eligibility for asylum, he necessarily has failed to meet the more stringent 'clear probability' burden required for withholding of removal." *Sharma*, 9 F.4th at 1065 (quoting *Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001)) (brackets omitted).

**3. Convention Against Torture.** To establish a claim under CAT, Espinoza-Romero must show that it is more likely than not that he will be tortured if removed to Mexico. 8 C.F.R. § 208.16(c)(3). "Torture is 'more severe than persecution.'" *Davila*, 968 F.3d at 1144 (quoting *Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018)). To support a claim for CAT relief, "the torture must be

inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Id.* (quoting *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014)).

Substantial evidence supports the IJ and BIA's determination that Espinoza-Romero failed to establish past torture or a sufficient likelihood of future torture. Even assuming that the harm Espinoza-Romero experienced rose to the level of persecution, it "falls short of the definition of torture." *Sharma*, 9 F.4th at 1067. And, although Espinoza-Romero provides country conditions reports regarding gang violence in Mexico, no evidence compels the conclusion that Espinoza-Romero is more likely than not to be tortured there, or that such torture would involve the requisite state action or acquiescence.

The motion to stay removal (Dkt. No. 3) is denied.

**PETITION DENIED.**